7-7111 Mr. Broxton against the Secretary of Veterans Affairs, Mr. Carpenter Thank you very much Your Honor. The court please. Kenneth Carpenter appearing on behalf of Mr. Jimmy Broxton. Mr. Broxton appeals the decision of the Veterans Court concerning the inextricably intertwined claims between a 2003 board decision and a 2004 board decision, both of which dealt with issues involving compensation for a psychiatric disability. The Veterans Court held that unlike the conditions addressed in the Harris matter before the Veterans Court, Mr. Broxton's PTSD claim was not the cause of his psychiatric condition and was adjudicated as was adjudicated by the board in September of 2004 as a separate claim. We submit that this is an incorrect interpretation of the finality of the decisions made in the inextricably intertwined matters involving Mr. Broxton's right to compensation for a psychiatric disability. Why doesn't the statute control here? 7105C I think makes it quite clear that there's no final judgment. You have to have file a notice of disagreement or the board's decision becomes final. Because the question is whether that is a final decision, Your Honor, and the inextricably intertwined rule indicates that a decision does not become final if there are inextricably intertwined claims. In this case, there were inextricably intertwined claims. But how can a decision overrule, I mean, is there any ambiguity in your view in the statute with respect to finality? Not with respect to finality. It is a question of the definition of finality. If you don't, 7105C says if you don't file, you have to file a notice of disagreement or the board's decision becomes final, right? I'm sorry. If you don't file a notice of disagreement. Under 7105? Yes. No, 7105 relates to a rating decision, Your Honor, not to a board decision. Nonetheless, the Veterans Court held pretty clearly that there was no inextricable tie between these two separate, unrelated claims. They did because they found that there was a causality requirement in the rule involving inextricably intertwined claims. Mr. Broxton believes that there is no such causality requirement. The requirement for inextricably intertwined is based upon whether or not the disposition of one claim would affect the disposition of the other claim. And the record in this case clearly demonstrates that these claims were dealt with by the agency and by Mr. Broxton as being inextricably intertwined. I direct the Court's attention to the proceeding in 2000, which is at the joint appendix in pages 34 to 35. Oh, I'm sorry, it's not here. Yes, which identified the issue as being the question of service connection for PTSD and new and material evidence to reopen a psychiatric disability. In that board decision, Your Honor, all that was dealt with by the board was the question of whether or not there was or wasn't a well-rounded claim for service connection for PTSD. That board decision is entirely silent on the other issue identified as an issue. What's the time disparity between these two claims, when they were brought by Mr. Broxton? I believe they were brought in the round that ended up with the board decision. PTSD arises when? When does he first raise that? When does he first raise his psychiatric disorder matter? Isn't there, in reality, 20 years of a gap here? He raises a psychiatric disability claim initially out of service. Exactly, back in the 70s. That's right. And now 20 years passes and he raises a PTSD claim and you say they're inexplicably intertwined. I'm struggling with that. Your Honor is making the same mistake that the court below made by suggesting that you can talk about PTSD versus another type of psychiatric disability as different claims. I submit to you that they are not different claims. Well, you brought them as different claims. They were brought at different times with different... He was represented through these proceedings to the 2004 decision by a non-attorney representative. He was represented by a disabled American veteran, and that's the importance of the record below. Because in 2000, as I was just indicating, both issues were before the board, but the board only dealt with one. When it went back to the agency after the claim for PTSD was found to be well-grounded, what happened was that the agency decided only service connection for PTSD, because the board did not deal with the question of reopening and implicitly suggested that those claims were the same claim for the same type of psychiatric disability. When Mr. Broxton's non-attorney representative at the joint appendix at page 40, he identified the issue returning from the agency after the 2000 remand as service connection for a psychiatric disorder to include post-traumatic stress disorder. When he gets to the board, the board identifies it now again as two issues and deals with the second issue that it ignored in 2000 of reopening and found that there was new material evidence submitted. Clearly, Mr. Broxton's representative in 2003, the disabled American veterans, did not consider this to be a final decision on his claim for compensation for his psychiatric disability. Or they, as representatives, would have taken an appeal. No appeal was taken in 2003. What's the purpose of this inextricably intertwined? Isn't this usually to allow the court to postpone action on something because it could be affected by the outcome or determination of another claim which is coming down the pike? It's not to grant the veteran an opportunity to ignore a claim and ignore an appeal period and then later try and rescue that with the inextricably intertwined. It seems like the inextricably intertwined has an entirely different purpose than what is being used for here. This court in the Joyce case described the comparison between whether it's one claim or it's two claims and ultimately concluded that in terms of this court's jurisdiction from the veterans court, it doesn't matter. I submit to you that that same analysis applies between the board and its finality of decisions and the jurisdiction by the veterans court below. And that the question is, as your honor correctly indicates, is a matter of whether or not the matters will be dispositive or one another. In this case, all Mr. Droxton wants is compensation for his psychiatric disability. He is not at all concerned about what label the VA decides is the appropriate label. He believes that what took place in service, those instances are the manifestations of his current disability. Isn't inextricably intertwining, switching a little bit gears, a factual matter? I don't know that any decisions have indicated that up to this point. I mean, how could it be otherwise is I guess the question I'm asking. You're going to have to compare as a factual matter the basis and underlying facts of one claim with another, aren't you? No, your honor. I would suggest that it is a mixed question of fact and law that has ultimately to do with the question of finality and that finality is and must be a question of law. Clearly the facts of the case dictate whether or not the rule of inextricably intertwined should or should not be applied to defer, if you will, the finality in this case to the 2003 board decision. We believe, your honor, that the court in Joyce correctly reasoned how the analysis of jurisdiction should be made, particularly in terms of the lack of finality of a final court decision. That same analysis should be extended by this court in this case to the analysis between the board's decision making in the two decisions in which it made and the court concluded that review, this court concluded in Joyce, that the review of veterans court decisions as to a service connection claim is unavailable under Elkins because it would disturb the orderly process of adjudication. And we submit that the orderly process of adjudication in this case is clearly demonstrated by the record in which these claims were dealt with as inextricably intertwined by the board in 2000. They were dealt with as inextricably intertwined by the board in 2003 and should be considered to have been inextricably intertwined by the board in 2004. And therefore, when the final decision was made, that is the decision that should be subject to review because these matters are inextricably intertwined. I reserve the balance of my time. Thank you. Thank you, Mr. Carpenter. Mr. Morgan. May it please the court. I'm Ron Morgan, attorney with the Department of Justice, here on behalf of the secretary. Part of the problem that Mr. Broxton in his brief fails to address is the fact that finality under the statute dictates what the appellate must do. The inextricably intertwined doctrine dictates what the court can do. The question that Mr. Broxton would have the court decide is that the appellate is the person or is the entity which is in charge of when an appeal must be brought. But in fairness to Mr. Broxton, would you agree that there is, accepting that the situation in terms of our case law is precisely as Judge Rader articulated it a few moments ago, that at least some of the language in our case law may have inartfully used the term final judgment when that was really not what the situation was? I think that the question of final decision, which is what is appealable, initially may be a question of fact. But in this case, the decision of the court below, even the board more specifically, was so clear as to be clear on its face. I mean, finality has been defined by this court. Finality attaches once a claim for benefits is disallowed. That's fairly straightforward. The decision of the board below is that the claim of entitlement to service connection for PTSD is denied. It can't be more straightforward than that. There can be no reasonable confusion there. Then Judge Prost is correct. The statute governs. I believe that's correct, Your Honor. And what Mr. Broxton would have the court do would be to take the inextricably intertwined doctrine, which is something which the court uses to decide whether to consider a particular issue at that time. The Veterans Court could postpone a matter because something else is coming down the pipe and they want to look at them concurrently. Were they told that there were these claims, both psychiatric-type illnesses or disabilities, that were making their way through the system at a different pace? Yes, ma'am. As a matter of fact, if I can just kind of recap the facts just real briefly. Because if they were told, and Mr. Broxton knew as well, that they were working their way through the system at a different pace. And are we saying in this veteran benevolent environment that the courts are continually reminded about? And if, in fact, when you say it's his decision, and so he thinks about it and he says, well, I had this narrower definition of my psychiatric illness, what it's called, has a different name. And meanwhile, the other one is in the works, if I prevail. And the later one, I don't have to worry about the earlier one. But then we say, nonetheless, you had an obligation to appeal the earlier one. Your Honor, in Ephraim v. Brown, which is the case that I believe you wrote the decision on. Very much factually similar to this, isn't it? Very much, Your Honor. PTSD and psychiatric disorders. Correct. Very much. And the issue there that we address is whether PTSD is just another one of those mental disabilities. They don't all get lumped together. It's rather like saying gall stones and kidney stones are the same because they're both stones. Well, I think the analogy is really strained, isn't it? Because psychiatric illnesses and what they're called isn't quite as clear cut as the difference between your kidney and your gallbladder. I don't believe that's correct, Your Honor, as a medical fact. But what I will state, if I may, is that this is what the court wrote in Ephraim. It says, the field of mental disorders represents the greatest possible variety in etiology, chronicity, and disabling effects and requires differential consideration in these respects. And in holding that the proceedings based on a new diagnosis of another facet of mental disability or merely the re-adjudication of a remanded claim, I think the only intent that can be derived from that is that PTSD is not just simply the same as this nervous condition. No, it's not. But I'll tell you what was troubling me about it. It seemed to be that, therefore, when you get to evaluating the second case of some sort of psychiatric disorder, the court or the decision maker, however it's working, is apparently precluded from considering the overall psychiatric environment of the veteran, but only looking at this little piece which is left, which wasn't previously disposed of. Your Honor, I think these are the distinct claims. Remember the way that these claims were formatted or decided, if you will, the decisions. One was the nervous psychiatric disorder, parens, excluding PTSD, and the other claim was for post-traumatic stress disorder. On their face, they obviously appeared to be mutually exclusive. Now, that is not unlike a veteran who has multiple claims. One for, and I think Elton describes the obvious example, where you have a claim for a back injury, a claim for a leg injury, or something else. Because I think what we're confronted here is the question of whether when you are dealing with the mind and with psychiatric disorders, can you only say, well, this only affects your hangnail and therefore the fact that you also have a stubbed toe, these are separate. Whereas, if it's what's going on in your mind, it's very hard to say you're only half affected in this half of the brain and half on the other half. When you put it together, you might have a significant disability. I think, Your Honor, that all of these things, any injury of any variety, they all exist in the same body, if you will, just like they exist in the same mind. So they're all going to be interrelated. What can the board, what can the VA agencies consider? Are they now obliged, because the PTSD wasn't appealed, are they now obliged to set aside and not consider any manifestations that one can say are related to PTSD when they look at the claim for psychiatric disorder? You know, I think that Judge Bress addressed that earlier. I think it's decided by the statute. It becomes final. If it's not appealed in 120 days, and that's not something that the VA imposed upon Mr. Broxton, that was a decision that Mr. Broxton made. Moreover, if you... Mr. Carpenter referred to the representation by Mr. Broxton before the board in October 2002, appears at page 40 of the joint appendix, where Mr. Broxton claims that these two conditions are inextricably intertwined. Now, whether the VA considered them inextricably intertwined at that point almost becomes moot, because in 2003, you have the board that comes back and expressly distinguishes between these claims. It's at that time where the board says the service connection for PTSD is denied, and then it remands for the psychiatric disorder exclusive of PTSD. There's a clear demarcation there. There's no confusion there. There is no issue there but that given the language and the finality of that decision... But having remanded for further review of... I know you're going to argue with my saying a related mental disorder, but having done that, how does that exclude when he finally gets... finishes with the administrative system? How does that exclude his right to argue that my total disability has all of these factors contributing to it? Because that portion of his disability has already been decided. It's just as if he had filed a claim and said, I have a bad right knee and a bad left elbow. But there was a remand for further review. For one of the two claims, that's correct, not for both, just for one. So you're saying there was an obligation to appeal the one that wasn't remanded. That's correct. Under the statute, there was a final decision. You have to appeal that final decision within 120 days. And when it gets to the court, the court will say, well, you're still pending, what are you doing here? Then the court has the latitude. That's what this inextricably intertwined doctrine is all about, is what latitude the court has. The court could decide that it will treat it differently. That's it, Your Honor. That's exactly right, Your Honor. But is that a factual matter or a legal matter? I believe it's... I would say that it is factual, Your Honor. And the reason I would say it's factual, notwithstanding, I believe it was Ephraim versus Brown, is in Ephraim, the question was whether the first claim was before 1989, whether the second claim was then after 1989. And that was a PTSD and an otherwise psychiatric disorder. And I believe, Judge Newman, you decided they were separate claims because that's how Ephraim managed to go forward. Outside of that context, it would appear that that is a factual determination of the application of the fact to law. No, because these decisions are... We are constrained with the instructions that when the questions are reasonably close, doubt is resolved in favor of the veteran. And that's what happened before. Yes, ma'am. That's correct. And now... I mean, this is, as a matter... I was taken by the comment. We know that there are many very highly professional people who are not lawyers, who are helping veterans, but one has to wonder, in fact, how they can cope with all of these nuances without getting inside the heads of the judges that they may get to many years down the road and being told, what are you doing here? And this seems to be just what Congress was trying to avoid. And, Your Honor, that's why this court has permitted appeals in that circumstance. As a matter of fact, it was in... I believe it was in Elkins, where the court says that, in fact... It doesn't make for a neat system. And it doesn't make for a neat system because we have granted such latitude. To the veterans. In the facts here, you had a PTSD claim. That requires a stressor, right? You have to have been in combat. You have to be able to prove that a bomb went off next to you. Yes, sir. Or something like that. Yes, sir. There was no evidence of that in the record. PTSD claim for lack of an element fails. That's correct. As opposed to... And so it is very distinguished from the psychiatric disorder, which does not require a combat stressor, an additional element factor. That's correct, Your Honor. You realize that what we've just done has made this at least a mixed question of law and fact. Yes, sir. Because we're back into analyzing the elements of the claims as a part of the question of whether they're intertwined or not. Yes, sir. If you compare 38 CFR 3.303, which is a general service connection, which is where the nervous disorder, if you will, would be evaluated, and 38 CFR 3.304, which is where the PTSD would be evaluated, there are very specific requirements for PTSD. What happened in this case was... You couldn't show them. Could not show them. Could not show either the condition or the stressors for each of those two cases. Thank you. If there are no further questions, Your Honor, the secretary requested that the decision will be affirmed. Thank you very much for your attention. Thank you, Mr. Morgan. Mr. Carping. With due respect to the government, Your Honor, I believe that they mislead when they talk about service connection. Service connection is merely an element of the claim. The claim is for compensation. Service connection is merely one element. When the board denied a finding of service connection, they concluded that there was no relatedness between the post-service disability of post-traumatic stress disorder and an event that took place in service. Now, this case, as opposed to combat, Your Honor, is based upon a physical assault that took place, as opposed to a combat-related injury. A stressor. You have to have a stressor. But the board couldn't find that in the record. That's correct. But that doesn't mean that he wasn't entitled to compensation on an alternative theory based upon symptoms or manifestations which took place in service. What took place in the 2003 board... But he's got to make a proof that there was a stressor. And the record doesn't contain it. But they also said that new and material evidence had been submitted for that write-out-of-service claim in order to justify reopening. They made a finding that there was substantial evidence that went to the question of incurrence in service. That was the missing element in the service connection part of the PTSD portion of the claim for compensation. So they found that new and material evidence had been submitted and remanded for that purpose. That left the question of relatedness to service an issue in the claim for compensation. That issue was not finally decided until the 2004 board decision. Mr. Broxton had a representative from an authorized organization that made a judgment that no appeal was necessary. Now Mr. Broxton is being punished for that because he's being told there should have been an appeal. Well, it is a judgment as to whether or not that appeal should or should not have been made. No, no, no. The statute's clear. If you get denied, you've got to appeal. I mean, that doesn't require any great judgment. But the statute has been interpreted by both this court and the court below that when the claims are inextricably intercourted... The court may, in its discretion, decide to do it. That's right. And the court, in its discretion, in this case... But you would not want to advise any client to risk that. I'm not a non-attorney service representative, Your Honor. I am an attorney, and I know that when they made this final decision there should have been an appeal. But that's the problem here. He didn't have counsel, and now we're punishing him and saying that now, when you finally get your final decision, you can't come into this court. It's also unfair to talk about Ephraim, because Ephraim was in the context of a jurisdictionally conferring NOD. But Ephraim says very clearly there's a distinction between PTSD and other psychiatric disorders. In order to establish a jurisdictionally conferring NOD, was the issue properly before the agency in such a way to implicate the jurisdiction of the Veterans Court? That's precisely what happened here. Both of these issues of entitlement to compensation for psychiatric disability were before the board. The board made one decision. That decision was not appealed because there was a remand, because new and material evidence was found to deal with the very element that went to that finding. His service organization made the decision not to recommend an appeal, but to continue back on remand. The key question in inextricably intertwined is would either of these cases been disposed of by the disposition of the other? And that is clearly the case. Had Mr. Broxton's case on remand been disposed of and he had been found entitled to compensation for service connection for whatever they decided to label it other than PTSD, he had no reason to go forward. And the same is true with the PTSD case. And clearly had he gone to court on the PTSD case, then the court at that time would have said, wait a minute, they have remanded an inextricably intertwined matter. You're here prematurely. So it's go ahead, back up. He's getting mixed messages in a system which is supposed to be pro-veteran and proactive to protect him. Mr. Broxton was not protected here. He was not given the benefit of the jurisdiction of the Veterans Court to have the final decision by the board in 2004 reviewed, which included the board's decision in 2003. Thank you very much. Thank you, Mr. Carpenter, and thank you, Mr. Morgan. The case is taken under submission. All rise.